UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHERYL PLEDGER                                CIVIL ACTION

v.                                            NO. 18-5992

DOLLAR GENERAL STORE NO. 871                  SECTION "F"

ORDER AND REASONS

Before the Court are two motions by the defendant: (1) motion for summary judgment; and (2) motion for partial summary judgment on the absence of medical causation and motion *in limine*. For the reasons that follow, the motion for summary judgment is GRANTED, and the motion for partial summary judgment on the absence of medical causation and motion *in limine* are DENIED as MOOT.

**Background**

This premises liability lawsuit arises from the plaintiff's allegations that she was injured after slipping on silicon packets on the shoe aisle floor at a Dollar General store.

On June 16, 2017, Cheryl Pledger and her sister went shopping for "beach slippers" at a Dollar General store in Houma, Louisiana. After being in the store for about five minutes, Ms. Pledger

1

slipped and fell in the shoe aisle. After she fell, she saw silicon packets on the floor.[1] Ms. Pledger was on the floor for only a few seconds and she was able to stand up on her own. Meanwhile, Ms. Pledger's sister went to find a Dollar General employee. The employee, Ms. May, checked on Ms. Pledger and then alerted the store manager of the incident. The manager asked Ms. Pledger questions, including whether she wanted an ambulance (she declined), and completed an incident report. About 10 minutes after her alleged fall, Ms. Pledger went home.

On January 3, 2018, Ms. Pledger sued Dollar General Louisiana, LLC in state court, alleging that Dollar General's negligence caused her accident. Alleging that the fall caused injuries to her hands, right leg, right thigh, left elbow, and left wrist, she seeks to recover for past and future medical expenses, physical pain and suffering, mental pain and anguish. DG Louisiana, LLC removed the lawsuit to this Court, invoking the Court's diversity jurisdiction. The defendant now moves for summary judgment.

---

[1] Brandi May, the Dollar General employee working that day, testified that she, too, saw silicon packets on the floor <u>after</u> Ms. Pledger's fall.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with

3

competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

## II.
### A.

Louisiana law governs this diversity case. Louisiana Revised Statute § 9:2800.6 establishes the plaintiff's burden of proof in slip and fall claims against merchants like Dollar General:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, <u>the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following</u>:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

...

(Emphasis added).

While a merchant owes a duty to its patrons to exercise reasonable efforts to keep the premises free of any hazardous conditions which might give rise to damage, merchants are not required to insure against all accidents that could occur on the premises. La. R.S. § 9:2800.6A; Retif v. Doe, 93-1104 (La. App. 4 Cir. 2/11/94), 632 So.2d 405, 408, *writ denied*, 1994-1000 (La. 6/17/94), 638 So.2d 1095.

Where, as here, the plaintiff alleges that a merchant is liable for the injuries caused by her slip and fall, the plaintiff has the burden to prove that:

1. The condition presented an unreasonable risk of harm to the plaintiff and that risk of harm was reasonably foreseeable;

2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

3. The merchant failed to exercise reasonable care.

La. R.S. § 9:2800.6B; White v. Wal-Mart Stores, Inc., 97-0393 (La. 9/9/97), 699 So.2d 1081, 1083; Dotson v. Brookshire Grocery Co., 04-83, p. 1 (La.App. 3 Cir. 5/12/04), 872 So.2d 1283, 1285 ("In order to prove merchant liability in a slip and fall case, the plaintiff must prove, in addition to the usual negligence

requirements (duty, breach, cause in fact, and damages) those elements found in La.R.S. 9:2800.6(B)."). Because the plaintiff has the burden of proving all of the necessary elements of her claim for negligence under the Merchant Statute, the failure to prove each and every one "is fatal to [the plaintiff's] cause of action." White, 699 So.2d at 1086.

*B.*

The defendant seeks summary relief on two independent grounds: (1) there is no evidence that Dollar General created, or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (2) the plaintiff has offered no evidence of medical causation.

The Court first considers whether the plaintiff can meet her burden of showing that, prior to the incident, Dollar General had constructive notice of the silicon packets on the floor.[2] Invoking the statutory definition of constructive notice, Dollar General submits that the plaintiff has failed to show that the silicon packets existed on the floor for such a period of time that it

---

[2] There are no facts in the summary judgment record to suggest, let alone establish, that Dollar General created or had actual notice of the condition. The plaintiff speculates that Dollar General created the condition, but she fails to point to any record evidence to support her theory.

would have been discovered had Dollar General exercised reasonable care. See La.R.S. § 9:2800.6C(1). Considering the summary judgment record, the Court agrees.

The Louisiana Supreme Court has interpreted this very direct statute to require the plaintiff to prove the existence of the condition or hazard for some period of time before the fall. See White v. Wal-Mart Stores, Inc., 699 So.2d 1081 (La. 1997); see also Courville v. Target Corp. of Minn., 232 Fed. Appx. 389, 391-92 (5th Cir. 2007). If the plaintiff fails to prove that the condition existed for some time before the fall, "[t]he statute does not allow for the inference of constructive notice." See White, 699 So.2d at 1084. "Though the time period need not be specific in minutes or hours," the Louisiana Supreme Court has instructed, the requirement that "the claimant prove the condition existed for some time period prior to the fall" imposes a clear and unequivocal temporal element. Id. at 1084-85. This temporal component -- whether the time period is lengthy enough that a merchant, exercising reasonable care, would have or should have discovered the hazard alleged, (here, silicon packets) -- is a question of fact, which the plaintiff must prove. See id. at 1084.

To meet her burden, the plaintiff must make a "positive showing of the existence of the condition" for some time period

"prior to the fall." Leger v. Wal-Mart Louisiana LLC, 343 Fed. Appx. 953, 954 (5th Cir. 2009); see Babin v. Winn-Dixie Louisiana, Inc., 764 So.2d 37, 40 (La. 2000).[3] "'Mere speculation or suggestion' is not sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are 'no more likely than any other potential scenario.'" Bagley v. Albertson's, Inc., 492 F.3d 328, 330 (5th Cir. 2007)(quoting Allen v. Wal-Mart Stores, Inc., 850 So.2d 895, 898-99 (La. App. 2d Cir. 2003)).

Dollar General submits that the plaintiff has failed to show that the condition existed for such a period of time that it would have been discovered had Dollar General exercised reasonable care. To support this assertion, Dollar General points to the plaintiff's testimony that she does not know how the silicon packets came to be on the floor of the shoe aisle. Dollar General also contends that the video footage of the incident does not indicate that Dollar General had constructive notice of the presence of silicon packets on the floor of the aisle where Ms. Pledger fell. And,

---

[3] "A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." See White, 699 So.2d at 1084.

thus, Dollar General submits, there is no evidence in the record that would show that Dollar General had constructive notice.[4]

Ms. Pledger counters that Ms. May's testimony establishes that a hazardous condition existed on the floor before the incident and the video supports that Dollar General had constructive notice. But a review of both Ms. May's testimony and the video confirms only that the plaintiff has offered no evidence, beyond argumentative speculation, to support her burden to establish that Dollar General had constructive notice of the packets on the floor before she fell.

The plaintiff points to nothing in the record that might indicate who caused the silicon packets to be on the floor, or how long they were there before she fell. Contrary to the plaintiff's arguments, Ms. May's testimony does not establish that the packets were on the floor before the incident. Ms. May testified that she saw silicon packets on the floor <u>after</u> the incident occurred. She testified that, in the past, customers have taken shoes out of boxes, causing silicon packets to end up on the floor. However, Ms. May testified that she had no information regarding how the silicon packets got on the floor on the date of Ms. Pledger's fall.

---

[4] The summary judgment record contains a short video, less than five minutes in duration, showing some period of activity before Ms. Pledger's slip and fall.

In fact, Ms. May testified that she did not know how long the silicon packets had been on the floor before Ms. Pledger fell.

Nor does the video support the plaintiff's speculative theory that Dollar General had constructive notice. The video does not show the allegedly hazardous condition, the silicon packets. Where, as here, prior to the incident, an alleged condition is not visible on a videotape, no employee is shown trying to clean or secure the area, and customers appear to (without incident) pass through the area where the victim fell, the video footage is insufficient to establish the temporal component of constructive notice. Taylor v. Wal-Mart Stores, Inc., 464 F. App'x 337, 338-39 (5th Cir. 2012). As in Taylor, prior to Ms. Pledger's fall, silicon packets are not visible on the floor in the video, which shows a customer walking through the same aisle prior to Ms. Pledger's fall. The plaintiff has failed to make a positive showing that Dollar General should have known that the silicon packets were present on the floor before her fall.[5]

---

[5] The plaintiff also argues that Dollar General failed to conduct inspections of the aisles and that this lack of inspection policy informs the constructive notice element of her claim. But the plaintiff misapprehends her burden. In addition to proving constructive notice, the plaintiff must also prove that Dollar General failed to exercise reasonable care. Notably, "the absence of a . . . cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care." La. R.S. § 2800.6B(3). Because the plaintiff has failed to produce any evidence indicating

Because the plaintiff is not able to establish an essential element of her claim as required by Louisiana, Dollar General is entitled to judgment as a matter of law. See Celotex, 477 U.S. at 322-23 (the defendant's entitlement to relief on summary judgment can be accomplished by showing a complete absence of record evidence to support a mandatory element of the plaintiff's claim). On this record, there is simply no witness testimony or other positive evidence regarding the length of time the silicon packets may have been on the floor prior to Ms. Pledger's fall. The local law of merchant-liability demands more for plaintiff to be able to withstand a claim for summary relief.

Accordingly, the defendant's motion for summary judgment is hereby GRANTED.[6] The plaintiff's claims are hereby dismissed with prejudice.

New Orleans, Louisiana, July 23, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

how long the silicon packets had been on the floor prior to the accident, or that Ms. May should have known they were there, Dollar General is entitled to judgment as a matter of law dismissing her merchant liability claim.

[6] General Dollar's motion for partial summary judgment regarding medical causation is DENIED as moot.